## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORM ESCHENBURG, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: _____ |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| A&S KINARD LOGISTICS, LLC, | ) | |
| | ) | *ELECTRONICALLY FILED* |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, NORM ESCHENBURG, a resident of Adams County, Pennsylvania, by and through his attorneys, WEISBERG CUMMINGS, P.C., brings this civil action for damages against the above named Defendant, A&S KINARD LOGISTICS, LLC, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1.      This Complaint alleges illegal discrimination on the basis of Plaintiff's age, forty (40) years of age or older, in violation of the laws and statutes of the United States of America, specifically, the Age Discrimination in Employment Act of 1967 (the "ADEA"), as amended, 29 U.S.C. §621 *et seq*.

2.     The jurisdiction of this Court over this Complaint is based upon federal question jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 in that this district court has original jurisdiction of all civil actions arising under the laws of the United States.

3.     Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and under 42 U.S.C. §2000e-5(f)(3), in that among other things the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

4.     Declaratory relief is sought pursuant to 28 U.S.C. §§2201 and 2202.

## THE PARTIES

**A.     Plaintiff**

5.     Plaintiff, Norm Eschenburg ("Mr. Eschenburg" or "Plaintiff"), is an adult male residing at 330 Sachs Road, Gettysburg, Adams County, Pennsylvania, who is currently seventy-four (74) years of age; at the time of the acts complained of herein, Mr. Eschenburg was seventy-three (73).

6.     At all times relevant to this Complaint, Mr. Eschenburg was forty (40) years of age or older.

**B.**     <u>**Defendant**</u>

7.     Defendant, A&S Kinard Logistics, LLC ("Defendant"), is a Delaware corporation and maintains its headquarters at 310 North Zarfoss Drive, York, York County, Pennsylvania.

8.     Defendant is a logistics company that maintains a fleet of tractor-trailers which it uses to run trucking routes across Pennsylvania and other states.

9.     At all times relevant to this Complaint, Defendant employed in excess of twenty (20) individuals.

<u>**ADMINISTRATIVE PROCEEDINGS**</u>

10.     On or about February 10, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC"), which was docketed as EEOC Charge No. 530-2020-02959, alleging that Defendant discriminated against him on the basis of age, including wrongful discharge.

11.     Plaintiff has been advised of his individual right to bring a civil action by receiving a Notice of Right to Sue from the EEOC, dated August 25, 2020.

12.     Plaintiff has exhausted the administrative remedies available to him, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

## **STATEMENT OF FACTS**

13.     In approximately 2006, Mr. Eschenburg was hired by Defendant as a truck driver.

14.     Mr. Eschenburg was a dedicated and exemplary employee of Defendant's for approximately thirteen (13) years until his termination on or about August 7, 2019.

15.     From 2006 to 2019, Mr. Eschenburg performed his job as truck driver in a highly competent manner with stellar performance/annual reviews and no formal and/or informal disciplinary actions or warnings within his employment record.

16.     In or about 2016, Defendant's ownership changed hands and new management took control of Defendant's day-to-day operations.

17.     Defendant's new management began giving preferential treatment to its younger drivers (e.g. by giving them preferred routes) and started systematically terminating its older drivers.

18.     By early 2019, Defendant employed only three (3) drivers over the age of sixty (60).

19.     By August of 2019, Mr. Eschenburg was Defendant's only driver over the age of sixty (60), the other two (2) having been fired or forcibly retired.

20.    On or about August 7, 2019, while he was completing a route, Mr. Eschenburg received a phone call from Defendant informing him that he was taking too long to do the load and that he was being terminated, effective that day.

21.    Defendant's stated reason for Mr. Eschenburg's termination was merely a pretext, since any delay in the performance of his duties was caused by a known traffic incident, a common occurrence in the trucking industry, and was entirely beyond Mr. Eschenburg's control.

22.    These circumstances, compounded by the blatant manner of Defendant's disparate treatment toward its older truck drivers when compared to the younger truck drivers, make it clear that Mr. Eschenburg was subjected to unlawful discrimination because of his age.

23.    The discrimination set forth above violated Plaintiff's federal rights under the ADEA.

## COUNT I

### ADEA VIOLATION
### AGE DISCRIMINATION

24.    All prior paragraphs are incorporated herein as if set forth fully below.

25.    At all times relevant and material to this Complaint, Plaintiff was a member of a protected class, forty (40) years of age or older, under the ADEA.

26.     Defendant unlawfully discriminated against Plaintiff in violation of the ADEA by subjecting Plaintiff to unlawful age discrimination and terminating him based upon his age.

27.     As a consequence of the Defendant's actions and failures to act, Plaintiff was subjected to emotional distress, humiliation, ridicule, and a negative effect on his work product and ability to perform his job duties and responsibilities fully and effectively, all of which manifested itself in mental and physical distress, injury, and damage.

28.     As a direct and proximate result of Defendant's conduct of in violating the ADEA by discriminating against Plaintiff on the basis of his age, Plaintiff has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and has been subjected to great damage to his career and professional standing, and non-economic damages in the form of emotional distress, embarrassment, humiliation, anxiety, and a loss of self-respect and confidence.

29.     The actions of Defendant set forth above constitute violations of Plaintiff's federal rights under the ADEA.

WHEREFORE, Plaintiff, Norm Eschenburg, seeks the damages against Defendant, A&S Kinard Logistics, LLC, as set forth in the *Ad Damnum* clause of

the instant Complaint, infra, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

### *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Norm Eschenburg, prays that this Honorable Court enters judgment in his favor and against Defendant, A&S Kinard Logistics, LLC, and that it enters an Order as follows:

a. Defendant is to be permanently enjoined from discriminating and/or retaliating against Plaintiff on the basis of his age and/or any basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees based on their disability and/or age, and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits he would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority.  Plaintiff should be accorded

those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

d.   Plaintiff  is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by Defendant's actions;

e.   Plaintiff is to be awarded liquidated damages as provided for under the ADEA;

f.   Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g.   Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

h.   Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law;

i.   Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage - or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action; and

j.      The Court is to maintain jurisdiction of this action after verdict

to ensure compliance with its Orders therein.

## **DEMAND FOR JURY**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff

respectfully demands a trial by jury.

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

October 26, 2020          /s/ Steve T. Mahan, Jr.
Date                      Steve T. Mahan, Jr., Esquire (PA #313550)
                          smahan@weisbergcummings.com

                          /s/ Derrek W. Cummings
                          Derrek W. Cummings, Esquire (PA #83286)
                          dcummings@weisbergcummings.com

                          /s/ Larry A. Weisberg
                          Larry A. Weisberg, Esquire (PA # 83410)
                          lweisberg@weisbergcummings.com

                          2704 Commerce Drive, Suite B
                          Harrisburg, PA 17110
                          (717) 238-5707
                          (717) 233-8133 (Fax)

                          *Counsel for Plaintiff*